IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAYMOND MOFFAT and TRACEY MOFFAT, SOURCE 110, Inc. as plan administrator of Unicare Midwest Plan Group 314541, individually, and on behalf of all others similarly situated, | ) ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | No. 04 C 5685 ) ) |
| UNICARE MIDWEST PLAN GROUP 314541; UNICARE HEALTH INSURANCE COMPANY Of The Midwest, an Illinois corporation; UNICARE LIFE AND HEALTH INSURANCE COMPANY, a Delaware corporation; UNICARE HEALTH PLANS OF THE MIDWEST, INC.; UNICARE HEALTH INSURANCE COMPANY OF TEXAS; and UNICARE HEALTH PLANS OF TEXAS, INC., | ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

AMY J. ST. EVE, District Court Judge:

Plaintiffs Raymond Moffat, Tracey Moffat, and Source 110, Inc. filed a First Amended Class Action Complaint ("FAC"), purportedly on behalf of all others similarly situated. Plaintiffs assert claims under ERISA §§ 502(a)(1)(B), 502(a)(3), and 502(a)(2), (29 U.S.C. §§1132(a)(1)(B), 1132(a)(3), and 1132(a)(2)), against UniCare Health Insurance Company of the Midwest ("UniCare Midwest"), UniCare Life and Health Insurance Company ("UniCare Life"), UniCare Health Plans of the Midwest, Inc. ("UniCare Health Midwest"), UniCare Health Insurance Company of Texas ("UniCare Insurance Texas"), and UniCare Health Plans of Texas, Inc. ("UniCare Plans Texas") (collectively the "UniCare Defendants" or "UniCare"). Plaintiffs

also assert their § 502(a)(1)(B) claim against Unicare Midwest Plan Group 314541 ("Plan 314541").  The UniCare Defendants move to dismiss Plaintiffs' FAC pursuant to Rule 12(b)(6), arguing that: (1) Plaintiffs do not properly name the plan as defendant, (2) UniCare is not a proper defendant to the ERISA claim, (3) Raymond Moffat is not the proper plaintiff to bring the ERISA claim under §502(a)(1)(B), (4) Plaintiffs improperly seek individual legal relief under both §502(a)(3) and §502(a)(1)(B) where adequate relief is provided under §502(a)(1)(B), and (5) Plaintiffs improperly seek individual relief, not the recovery of losses suffered by the plan, under §502(a)(2).  For the reasons discussed below, the Court denies in part and grants in part UniCare's motion to dismiss.

## BACKGROUND[1]

For the purposes of this Opinion, the Court accepts the following allegations as true.

**I.      The Parties**

Plaintiffs in this case are Raymond Moffat, individually, and on behalf of all others similarly situated, Tracey Moffat, and Source 110, Inc. ("Source 110"), an Illinois corporation, as Plan Administrator of UniCare Midwest Plan Group 314541.  Raymond Moffat is an employee and the majority shareholder of Source 110.  (R. 25-1; FAC at ¶ 3.)  UniCare, the movant, sells Participating Provider major medical plans in various states.  (*Id.* at ¶ 5.)  Raymond Moffat and Tracey Moffat ("the Moffats") are insured through Source 110, Inc. under one of UniCare's medical plans.  (*Id.* at ¶ 4.)

In filing their FAC, Plaintiffs added Plan 314541 as a defendant in this case.  Plan

---

[1] For a full description of the facts alleged by Plaintiffs see the Court's Memorandum Opinion and Order of January 20, 2005, *Moffat v. UniCare Health Ins. Co. of the Midwest*, 352 F.Supp.2d 873, 874-875 (N.D. Ill. 2005).

2

314541, created when Unicare Midwest issued an insurance policy to Source 110, is an employee benefit plan under ERISA. The Plan, effective January 1, 2003, is the Source 110 employee welfare plan for medical benefits ("Source 110 Plan").

## II.     The Dispute

Plaintiffs' FAC contains two counts. In Count I, the FAC adds Plan 314541 as a defendant under the ERISA § 502(a)(1)(B) (29 U.S.C. § 1132((a)(1)(B)) claim for denied benefits. The FAC also adds Tracey Moffat as plaintiff in that claim. In Count I, the Moffats and Source 110 bring a claim against UniCare for breach of fiduciary duty under § 502(a)(3). In Count II of their FAC the Moffats and Source 110, in their capacities as fiduciaries, participants and beneficiaries of Plan 314541, also bring a claim against UniCare under ERISA § 502(a)(2) for breach of fiduciary duty.

## ANALYSIS

## I.     Legal Standard

### A.     Fed.R.Civ.P. 12(b)(6)

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint, not the merits of the case. *Triad Assocs., Inc. v. Chicago Hous. Auth.,* 892 F.2d 583, 586 (7th Cir. 1989). When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court views "the complaint in the light most favorable to the plaintiff, taking as true all well-pleaded factual allegations and making all possible inferences from those allegations in his or her favor." *Lee v. City of Chicago*, 330 F.3d 456, 459 (7th Cir. 2003). "A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Cole v. U.S. Capital*, 389

F.3d 719, 724 (7th Cir. 2004) (quotations and citations omitted). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Id*., quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

    **B.    ERISA**

        **1.    Section 502(a)(1)(b)**

The Court set forth a detailed summary of ERISA § 502(a)(1)(B) in its Memorandum Opinion and Order of January 20, 2005, *Moffat*, 352 F.Supp.2d at 876.

        **2.    Section 502(a)(2)**

ERISA § 502(a)(2) allows participants, beneficiaries and fiduciaries to bring an action on behalf of the plan, holding personally liable any fiduciary who breaches a fiduciary obligation. The plaintiff must show that the defendant breached a fiduciary duty distinct from an action to recover benefits under § 502(a)(1)(B), and that the plan, rather than the individual, suffered losses. *McMahon v. McDowell*, 794 F.2d 100 (3d Cir. 1986). Any recovery against the fiduciary must inure to the plan itself, and not to the individuals who bring the action. *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134, 140 (1985), *Anweiler v. American Elec. Power Serv. Corp.*, 3 F.3d 986, 992 (7th Cir. 1993).

        **3.    Section 502(a)(3)**

ERISA § 502(a)(3) permits lawsuits for equitable relief for breach of fiduciary obligations. A person is a fiduciary under the act "to the extent" that he or she "exercises any discretionary authority or discretionary control respective management" of the plan or "has any discretionary authority or discretionary responsibility in the administration" of the plan. 29

4

U.S.C. § 1002(21)(A). ERISA fiduciaries are obligated to administer the plan "solely in the interest of the participants and beneficiaries of the plan." 29 U.S.C. § 1104(a). In *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065 (1996), the Supreme Court held that individuals could recover under this section of the act. However, "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id.* at 515. A plaintiff, therefore, cannot seek equitable relief under § 502(a)(3) when ERISA provides adequate relief by the right to bring a claim for denial of benefits under § 502(a)(1)(B). *Schluter v. Principal Life Ins. Co.*, No. 00 C 2526, 2001 WL 476589 (N.D. Ill. May 2, 2001).

The Supreme Court held that the relief provided for in § 502(a)(3) must refer to "those categories of relief that were *typically* available in equity (such as injunction, mandamus, and restitution, but not compensatory damages)." *Mertens v. Hewitt Assocs.*, 508 U.S. 248, 256, 113 S.Ct. 2063, 2064-2065 (1993). A contractual liability to pay money is an action at law and not available under § 502(a)(3). *Wal-Mart Stores, Inc. v. Wells*, 213 F.3d 398, 401 (7th Cir. 2000). An injunction to enforce a contractual obligation to pay money past due, therefore, is not available under § 502(a)(3). *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 212, 122 S.Ct. 708, 710 (2002); *see also Bowen v. Massachusetts*, 487 U.S. 879, 915, 108 S.Ct. 2722, 2743 (1988). The availability of restitution under § 502(a)(3) as equitable relief depends on "the basis for [the plaintiff's] claim," *Reich v. Continental Casualty Co.*, 33 F.3d 754, 756 (7th Cir. 1994), and the nature of the underlying remedies sought. *Great-West*, 534 U.S. at 212. Generally, equitable restitution claims seek the recovery of a specific fund, *Barnes v. Duffy*, No. 02 C 5530, 2004 WL 2931326 *9-10 (N.D. Ill. Dec. 15, 2004), such as in a constructive trust or

5

an equitable lien. *Great-West*, 534 U.S. at 213; *also see UIU Severance Pay Trust Fund v. Local Union No. 18-U, United Steelworkers of Am.,* 998 F.2d 509, 513 (7th Cir. 1993) (a factor in determining whether equitable restitution is warranted is that the party from whom payment is sought would be unjustly enriched absent recovery).

## II. Plaintiff States A Claim Under § 502(a)(1)(b) Against The Proper Defendants

UniCare argues that Plaintiffs have still not properly named the plan as a defendant, as required by Court's Memorandum Opinion and Order of January 20, 2005, *Moffat,* 352 F.Supp.2d at 876-877. In that opinion, the Court dismissed Plaintiff's original complaint ruling that Plaintiff improperly tried to sue UniCare rather than the plan. Defendants also contend that Plaintiffs cannot properly join them under Fed.R.Civ.P. 19 because ERISA only allows "complete relief" to issue from the plan and therefore the Court should dismiss the entire claim. For the reasons stated below, the Court disagrees.

### A. Plaintiffs Have Properly Sued The Plan

Plaintiffs have sued Plan 314541 as the employee benefit plan. Defendants contend that Plan 314541 references only a policy document, and is evidence of an employee welfare benefit plan, but not the plan itself. Defendants, however, do not state what the plan is, or in any way identify it. Plaintiffs allege in the FAC that no "plan entity" exists other than the policy issued by UniCare, referenced by Plan 314541. (R. 25-1; FAC ¶ 14.) Under Seventh Circuit law, it is possible for an insurance policy to constitute a "plan," under ERISA, capable of being used. *See Neuma v. AMP, Inc.,* 259 F.2d 864, 872-73 (7th Cir. 2001) (holding that the insurance policy was the plan because the terms of the policy unambiguously equated the term "Plan" with the policy.) UniCare does not argue that the terms of the policy indicate that the plan and the policy are not

6

one and the same. Rather, UniCare argues that the "plan" is "the Source 110 employee benefit plan," and not "Plan 314541." In particular, UniCare complains about the presence of the name "UniCare" in the title. (R. 35-1; Pl.'s Mot. at 2 ("Plaintiffs undoubtedly have misidentified the plan (by including the name "UniCare" in the title) in an attempt to maintain UniCare as a direct defendant one way or another").) The policy document, however, bears the name "UniCare" on its face ("UniCare 1000- A Participating Provider Major Medical Plan"). (R. 25-1; FAC, Ex. A.) Accepting Plaintiffs' pleadings as true, as the Court must, Plaintiff states a claim under which Plan 314541 could constitute a plan capable of being sued under ERISA.

B. The UniCare Defendants Are Proper Defendants To This Action

Generally, the Seventh Circuit limits a § 502(a)(1)(B) claim for benefits to a suit against the plan as an entity. *Blickenstaff v. R.R. Donnelley & Sons Co. Short Term Disability Plan,* 378 F.3d 669, 674 (7th Cir. 2004). In the absence of a clear plan entity, a plaintiff may, in limited circumstances, sue a "closely intertwined party." *See Mein v. Carus*, 241 F.3d 582, 584, (7th Cir. 2001)*; Madaffari v. Metrocall Cos. Group*, 2004 WL 1557966 (N.D. Ill. Jul. 6, 2004) (allowing plaintiff to sue insurance company that governed claim determinations and provided benefits when specific identity of the plan was in doubt); *Penrose v. Hartford Life & Accident Ins. Co.,* No. 02 C 2541, 2003 WL 21801214, *3 (N.D. Ill. Aug. 4, 2003) (allowing plaintiff to sue insurance company when the identity of the plan entity was known to parties, even after some discovery, and the insurance company had "the final word on whether a claim for benefits [would] be paid to a beneficiary [and] also [was] the party that funds the plan.") As discussed above in Section II.A., the parties still dispute the identity of the plan. Plaintiffs have named the plan entity, "Plan 314541," although they also allege that the plan has no assets and is nothing

7

other than the insurance policy itself. (R. 25-1; FAC, ¶ 14.) While UniCare contends that some other specific plan entity exists, it is not clear from the face of the pleadings that there is such an entity, other than Plan 314541, as identified by Plaintiffs. Further, Plaintiffs alleged that although Source 110 is the named "Plan Administrator" in the Certificate of Coverage, the only administrative function Source 110 performed was to purchase the policy and pay the premiums. (R. 25-1; FAC at ¶¶ 14-16.) Plaintiffs allege that UniCare had exclusive control over all decisions regarding the disbursement of benefits, including the circumstances alleged to have caused the Moffats harm. (*Id.*) Further, the Certificate of Coverage, in providing the "Terms of [the covered employee's] Plan," states that the Certificate of Coverage constitutes the contract between the covered employee and UniCare. (R. 25-1; FAC, Ex. A at 54.) As in *Madaffari* and *Penrose,* accepting Plaintiffs' allegations as true, complete relief can only be accorded between the plaintiff and the legally responsible party, whether that party is the plan or some other "closely intertwined" entity. The question of who is ultimately the legally responsible party is a question of fact which the Court cannot resolve in a motion to dismiss. Plaintiffs have named the presumptively responsible party, Plan 314541, and have alleged sufficient facts to show that the other named Defendant, UniCare, might constitute a "closely intertwined" party that bears legal responsibility under ERISA.

   **C. Raymond Moffat Has Standing To Sue Under § 502(a)(1)(B)**

Defendants also argue that the Court should dismiss the claim because Raymond Moffat does not have standing to sue under § 502(a)(1)(B), stating he is not the person who received the treatment at issue. Plaintiffs respond that Mr. Moffat has standing because he is liable under Illinois law for Tracey Moffat's payments, and because the Certificate of Coverage defines him

as someone entitled to receive benefits.

The Court agrees with UniCare that Mr. Moffat's liability under Illinois law does not necessarily make him a proper plaintiff under § 502(a)(1)(B). The question is whether he is a beneficiary or participant who can claim denial of benefits. ERISA § 502 (a)(1)(B). UniCare sent the Explanation of Benefits to Raymond Moffat, not Tracey Moffat. (R. 35-1; Pl's Resp. to Def.'s Mot. to Dismiss at 10, R 25-1; FAC, Ex. E.) In addition, the Certificate of Coverage uses the word "You" - which denotes the "Insured Employee" (Raymond Moffat) and *not* the "Insured Dependent" (Tracey Moffat) - to describe the individual who is entitled to receive benefits for "Covered Services." (R. 25-1; FAC, Ex. A at 1.) In this way, the Certificate of Coverage acknowledges some meaning of "benefits" that is wider than "treatment." Under the terms of the Certificate of Coverage, the Court cannot determine as a matter of law that Raymond Moffat did not receive benefits and therefore lacks standing to sue.

Given the ambiguity in UniCare's document and the possibility of later dismissing an improper plaintiff without dismissing the action itself, the Court will not dismiss the action on the ground that Raymond Moffat is an improper plaintiff on the sole basis of the pleadings.

### III.    Plaintiffs Claim Under ERISA § 502(a)(3)

####    A.    Relief Is Available Under § 502(a)(3) When Previous Sections Do Not Provide Adequate Relief

Defendants also argue that Plaintiffs may not seek relief under § 502(a)(3) where relief under § 502(a)(1)(B) is available. Plaintiffs point to the Supreme Court's decision in *Varity Corp. v. Howe*, 516 U.S. 489, 116 S.Ct. 1065 (1996), acknowledging that § 502(a)(3) provides equitable relief when § 502(a)(1)(B) does not provide adequate relief. *Varity*, 516 U.S. at 512. While Defendants lump all Plaintiffs together in their analysis, Plaintiffs correctly point out that

Source 110 does not bring a claim under § 502(a)(1)(B) and therefore may bring a claim under § 502(a)(3).[2]

As for the Moffats, in their Response, Plaintiffs argue that the § 502(a)(3) claim provides an alternative method for enforcing the Plan document, noting that their § 502(a)(1)(B) claim is uncertain for the reasons discussed above in Section II of this Analysis. The district court cases relied on by Defendants, however, recognize that plaintiffs cannot maintain claims under § 502(a)(3) when relief is available under § 502(a)(1)(B). *See Schulter v. Principal Life Ins. Co.,* No. 00 C 2526, 2001 WL 476589, *4 (N.D. Ill. May 2, 2001); *White v. Sundstrand Corp.,* No. 98 C 50070, 2000 WL 713739, *12 (N.D. Ill. May 23, 2000); *Frank v. Ameritech Corp.,* No. 98 C 5506, 1999 WL 1011107, *4 (N.D. Ill. Oct. 12, 1999); *Van Hoey v. Baxter Int'l, Inc.,* No. 96 C 6231, 1997 WL 665855, *6 (N.D. Ill. Oct. 21, 1997). Additionally, the mere fact that Plaintiffs' denial of benefits claim is uncertain does not allow Plaintiffs to proceed with a § 502(a)(3) claim. Indeed, even when a plaintiff's § 502(a)(1)(B) claim has failed, courts have declined to allow that plaintiff to proceed with a § 502(a)(3) claim. In *White v. Sundstrand Corp.,* the district court granted summary judgment on the plaintiffs' § 502(a)(1)(B) claim and its § 502(a)(3) claim, noting that simply because "plaintiffs were unsuccessful with their denial of benefit claims [] does not make their breach of fiduciary duty claim [] viable." *Also see Tolson v. Avondale Indus., Inc.,* 141 F.3d 604, 610 (5th Cir. 1998) ("The simple fact that [plaintiff] did not prevail on his claim under section 1132(a)(1) does not make his alternative claim under section 1132(a)(3).") The Eleventh Circuit's analysis in *Jones v. American Gen. Life and*

---

[2]Defendants do not specifically argue that relief under § 502(a)(1)(B) is available to Source 110. They only generally argue that relief under § 502(a)(1)(B) is available to all Plaintiffs, operating on the incorrect basis that all Plaintiffs were bringing such a claim.

*Accident Ins. Co.,* 370 F.3d 1065, 1073-74 (11th Cir. 2004) is persuasive. The Eleventh Circuit, in *Jones*, held that a district court should consider "whether the allegations supporting the Section 502(a)(3) claim [are] also sufficient to state a cause of action under Section 502(a)(1)(B)." Here, Plaintiffs § 502(a)(3) claim alleges that UniCare "has failed to adhere to the terms of the Plan because it has refused to apply the terms of the Plan relating to the four benefits, including making payments to the Preferred Providers." (R. 25-1; FAC ¶ 72.) This is the same allegation that the Moffats make in their § 502(a)(1)(B) claim.[3] (*Id.* ¶¶ 64-70.) Accordingly, ERISA already provides in § 502(a)(1)(B) the relief for the Moffats' claim alleged under § 502(a)(3), and the Court dismisses the Moffats' § 502(a)(3) claim.

**B.     Source 110 Satisfies Notice Pleading Requirements To Seek Equitable Relief**

Because the Court does not dismiss Source 110's claim under § 502(a)(3), the Court addresses Defendants additional argument related to that claim with respect to Source 110. Defendants also contend that Source 110 is seeking legal monetary relief, not equitable relief, under § 502(a)(3). While Source 110 is not specific about the nature of their claim, the FAC satisfies notice pleading standards. *Sanjuan v. American Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994). Source 110 suggests that it pursues an injunction, an undisputed type of equitable relief available under Supreme Court law. *Mertens*, 508 U.S. at 256, 113 S.Ct. at 2064-2065. Even if Source 110 seeks monetary relief of some sort, as UniCare assumes they do, such relief may still be considered equitable. The Court stated in *Duffy* that whether monetary relief is equitable or legal as a general matter depends on whether the plaintiff requests recovery of a specific fund or merely a satisfactory amount. *Duffy*, 2004 WL 2931326 *9-10. A

---

[3]Indeed, Plaintiffs even bring both of these claims in the same Count.

court may award equitable restitution when plaintiffs seek particular funds in equitable liens or constructive trusts. *Great-West*, 534 U.S. at 213, 122 S.Ct. at 714. Accordingly, Defendants have not proven that Source 110 could not state a claim under any set of facts.

**IV.      Plaintiffs State A Claim For Relief In The Alternative Under ERISA § 502(a)(2)**

Defendants finally argue that Plaintiffs' Count II improperly seeks relief under § 502(a)(2) on behalf of themselves and not the plan. Plaintiffs respond that they do seek relief on behalf of the plan. (R. 35-1; Pl's Resp. to Def.'s Mot. to Dismiss at 13,14.) Under ERISA the plan is an entity that can sue and be sued. 29 U.S.C. § 1132(d)(1). Whether the plan in this case does in fact constitute an entity that can sue or be sued, or to which benefits can inure, remains to be seen. Defendants have not proven that Plaintiffs could not state a claim under any set of facts, so the Court declines to dismiss for failure to state a claim on which relief may be granted.

## CONCLUSION

For the reasons discussed above, the Court grants UniCare's motion to dismiss the Moffats' claims under § 502(a)(3). The Court denies UniCares motion to dismiss Plaintiffs' other claims in the First Amended Complaint.

Dated: July 25, 2005                    Entered:

                                        _____
                                        AMY J. ST. EVE
                                        United States District Court Judge

13